IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAVEN TYLER JACKSON,** : | |
| **Plaintiff,** : | |
| : | |
| v. : | **CIVIL ACTION NO. 20-CV-5207** |
| : | |
| **MICHAEL HOLLAND,** *et al.*, : | |
| **Defendants.** : | |

## MEMORANDUM

**ROBRENO, J.**                                                                                         **JANUARY 26 , 2021**

Plaintiff Javen Tyler Jackson, a pretrial detainee being held at Lancaster Count Prison ("LCP"), filed this civil action pursuant to 42 U.S.C. § 1983. Jackson names as Defendants LCP Warden Cheryl Steberger, LCP correctional officer Michael Holland, the Lancaster County Prison Board ("the Board"), and Lancaster County. Jackson seeks to proceed *in forma pauperis* and has submitted a copy of his institutional account statement.[1] For the following reasons, the Court will grant Jackson leave to proceed *in forma pauperis*, dismiss his claims against Steberger, the Board and Lancaster County pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and direct service of the Complaint to Defendant Holland.

## I.     FACTUAL ALLEGATIONS

Jackson alleges that on February 10, 2020 he was assaulted by Defendant Holland. He asserts that Holland did not use proper protocol to ensure Jackson's safety, and used excessive

---

[1] Jackson filed his Complaint without paying the filing fee or moving to proceed *in forma pauperis*. In an Order filed on October 28, 2020 (ECF No. 4), Jackson was directed to pay the filing fee or move for *in forma pauperis* status within thirty days. When he failed to do so, the case was dismissed without prejudice in an Order filed on January 7, 2021 (ECF No. 5.) Because the Court has now received an *in forma pauperis* application and account statement from Jackson, the dismissal order will be vacated.

1

force – including multiple closed fist punches to Jackson's face and body – to subdue him. (ECF No. 1 at 4.)[2] Jackson received bruises to both eyes and deep cuts on both wrists. (*Id.*) He allegedly received no medical treatment for his injuries.[3] (*Id.*)

Jackson filed multiple grievances regarding the incident with Holland. (*Id.* at 5.) He alleges that Defendant Steberger neglected to review camera footage and was professionally inappropriate in her handling of the grievances. (*Id.*) A non-defendant prison investigator named Stevens allegedly declined to do anything about the incident. (*Id.*) Jackson asserts that prison authorities filed assault charges against him which he "feel[s] was a counter action on their behalf." (*Id.* at 6.) He was placed in restrictive custody pending a misconduct hearing and then found guilty of the assault. (*Id.*) He believes he was mistreated and abused due to a lack of professionalism at LCP. (*Id.*) Jackson makes no specific allegation about the Board or Lancaster County other than his assertion that all Defendants "have duties to manage day to day operations and execute the policies articulated to help them fulfill their task at hand." (*Id.* at 2.) All Defendants are sued in their individual and official capacities. (*Id.*) Jackson seeks a declaration that his rights were violated, an order compelling Defendants to compensate him, a protection order to stop further abuse, and $3 million. (*Id.* at 6-7.)

---

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

[3] As Jackson does not identify a Defendant who allegedly denied him medical care, or state any other allegations about medical care, the Court interprets his allegation about the lack of medical care following the incident with Holland as background information only. Should Jackson seek to pursue such a claim, he may include the claim in an amended complaint if he chooses to file one or in a separately filed civil action.

## II.     STANDARD OF REVIEW

The Court grants Jackson leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[4]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  Conclusory allegations do not suffice. *Id.*  As Jackson is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.    DISCUSSION

The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, which provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged

---

[4] However, as Jackson is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

3

deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

      **A.**      **Official Capacity Claims and Claims Against Lancaster County**

Jackson has sued each Defendant in both their individual and official capacities. Claims against officials of a County named in their official capacity are indistinguishable from claims against the County that employs them. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* To plead a basis for municipal liability under § 1983, a plaintiff must allege that a municipality's policy or custom caused the violation of his constitutional rights. *See Monell*, 436 U.S. at 694. "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009). "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). For a custom to be the proximate cause of an injury, the Defendant must have "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to his injury." *Id.* (internal quotations and alterations omitted).

Jackson has failed to identify a specific policy or custom of Lancaster County that caused the violation of his constitutional rights.  He has also failed to allege that any Defendant had knowledge of prior similar conduct, failed to prevent the repetition of such conduct and that this failure led to his injury.  Accordingly, Jackson's official capacity claims and his claims against Lancaster County are not plausible and must be dismissed.  Because the Court cannot say at this time that Jackson can never state a plausible *Monell*-based claim against Lancaster County or an official capacity claim, the dismissal will be without prejudice and Jackson will be permitted the opportunity to file an amended complaint if he can cure the defect the Court has identified.

### B. Claims Based on Grievances

Claims based on the handling of prison grievances fail because "[p]rison inmates do not have a constitutionally protected right to a grievance process." *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (per curiam); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (per curiam).  Accordingly, the facts alleged by Jackson about grievances do not give rise to a plausible basis for a constitutional claim and will be dismissed with prejudice.

### C. Claims Based on Retaliation

The Court understands Jackson to be asserting a claim that he suffered retaliation when he was charged with assault over the incident with Holland based on his own complaint against Holland about the incident.  In order to state a plausible First Amendment retaliation claim, a prisoner must allege that:  (1) he engaged in constitutionally protected conduct; (2) he suffered an adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) the constitutionally protected conduct was "a substantial or motivating factor" for the adverse action.  *See Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001); *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003); *Coit v. Garman*, No. 19-2580, 2020 WL

2125780, at *3 (3d Cir. May 5, 2020). Jackson makes only general allegations regarding the protected conduct and adverse action elements of the claim. Moreover, he has not alleged that his protected conduct was a substantial or motivating factor for the adverse action. He has also failed to specify which Defendant, if any, engaged in retaliatory conduct. Accordingly, the facts alleged by Jackson about retaliation do not give rise to a plausible basis for a constitutional claim and will be dismissed. Because the Court cannot say at this time that Jackson can never state a plausible retaliation claim, the dismissal will be without prejudice and Jackson will be permitted the opportunity to file an amended complaint if he can cure the defect the Court has identified with this claim as well.

### B.    Individual Capacity Claims Against Warden Steberger and the Board

Jackson has named LCP Warden Steberger and the Board as Defendants but makes no allegations against them other than concerning their involvement in the grievance process and his generalized claim that all Defendants "have duties to manage day to day operations and execute the policies articulated to help them fulfill their task at hand." (ECF No. 1 at 2.) To the extent he seeks to hold them liable for the actions of Defendant Holland based on a theory of supervisor liability, the claims are not plausible.[5] There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015). First, a supervisor may be liable if he or she "'with deliberate

---

[5] Jackson cannot state a plausible claim against Warden Steberger, the Board or Lancaster County merely because Holland is an employee. There is no vicarious liable under § 1983 for the actions of an employee. *Connick v. Thompson*, 563 U.S. 51, 60 (2011); *Monell*, 436 U.S. at 691 ("[A] municipality cannot be held liable *solely* because it employs a tortfeasor — or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory.") (emphasis in original).

6

indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.* Because Jackson makes no allegation to support a plausible claim of supervisor liability, the claims against Warden Steberger and the Board must be dismissed. Jackson is granted leave to amend these claims as well if he is able to cure the defects the Court has identified in his remaining individual capacity claims against Warden Steberger and the Board.

## IV.     CONCLUSION

For the foregoing reasons, the Court will dismiss Jackson's Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as to Defendants Warden Steberger, the Board and Lancaster County, and as to the official capacity claims against Defendant Holland. Jackson's claims based on grievances and retaliation are also dismissed. His individual capacity excessive force claim against Defendant Holland will be served for a responsive pleading. In the accompanying Order, Jackson will be directed to advise the Court whether he seeks to amend his pleading to attempt to correct the defects the Court has identified in the dismissed claims or have the Complaint served at this point on Holland to proceed with only his individual capacity excessive force claim. An appropriate Order follows.