IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAVEN TYLER JACKSON,     : | |
|     Plaintiff,     : | |
| : | |
| v.     : | CIVIL ACTION NO. 20-CV-5207 |
| : | |
| MICHAEL HOLLAND, *et al.*,     : | |
|     Defendants.     : | |

## ORDER

AND NOW, this **26th** day of **January, 2021**, upon consideration of Plaintiff Javen Tyler Jackson's Motion to Proceed *In Forma Pauperis* (ECF No. 6), Prisoner Trust Fund Account Statement (ECF No. 8), and *pro se* Complaint (ECF No. 1), it is **ORDERED** that:

1.  The Court's Order filed on January 7, 2021 (ECF No. 5) dismissing this case for failure to prosecute is **VACATED**.

2.  Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

3.  Javen Tyler Jackson, # #2016-0544, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of Lancaster County Prison or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Jackson's inmate account; or (b) the average monthly balance in Jackson's inmate account for the six-month period immediately preceding the filing of this case. The Warden of Lancaster County Prison or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Jackson's inmate trust fund account exceeds $10.00, the Warden of Lancaster County Prison or other appropriate official shall forward payments to the Clerk of

Court equaling 20% of the preceding month's income credited to Jackson's inmate account until the fees are paid.  Each payment shall refer to the docket number for this case.

4. The Clerk of Court is directed to **SEND** a copy of this Order to the Warden of Lancaster County Prison.

5. The Complaint is **DEEMED** filed.

6. For the reasons stated in the Court's Memorandum, the following claims are **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii):

> A. All claims in Jackson's Complaint based on the handling of prison grievances are **DISMISSED WITH PREJUDICE.**
>
> B. Any retaliation claims are **DISMISSED WITHOUT PREJUDICE**.
>
> C. The official capacity claim against Defendant Michael Holland is **DISMISSED WITHOUT PREJUDICE**.
>
> D. All claims against Defendants Warden Cheryl Steberger, the Lancaster County Prison Board, and Lancaster County are **DISMISSED WITHOUT PREJUDICE**.

7. The Clerk of Court is **DIRECTED** to send Jackson a blank copy of the Court's standard form complaint for prisoners to use to file a complaint bearing the above civil action number.[1]

8. Jackson is given thirty (30) days to file an amended complaint in the event he can allege additional facts to state a plausible claim against Defendants Warden Cheryl Steberger and the Lancaster County Prison Board and an official capacity claim against Defendant Michael

---

[1] This form is available on the Court's website at http://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

Holland.  Any amended complaint shall include **ALL** claims Jackson seeks to pursue, identify **ALL** defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint, shall state the basis for Jackson's claims against each defendant, and shall bear the title "Amended Complaint" and the case number 20-5207.  If Jackson files an amended complaint, his amended complaint must be a complete document that includes all of the bases for Jackson's claims, including claims that the Court has not yet dismissed if he seeks to proceed on those claims.  Claims that are not included in the amended complaint will not be considered part of this case.  When drafting his amended complaint, Jackson should be mindful of the Court's reasons for dismissing his claims as explained in the Court's Memorandum.  Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

9. If Jackson does not file an amended complaint the Court will direct service of his initial Complaint on Defendant Michael Holland **ONLY** and only his individual capacity claim against Holland for excessive force will proceed.  Jackson may also notify the Court that he seeks to proceed on the claim against Holland rather than file an amended complaint.  If he files such a notice, Jackson is reminded to include the case number for this case, 20-5207.

10. The time to serve process under Federal Rule of Civil Procedure 4(m) is **EXTENDED** to the date 90 days after the Court issues summonses in this case if summonses are issued.

                            **BY THE COURT:**

                            */s/ Eduardo C. Robreno*
                            **EDUARDO C. ROBRENO,    J.**