IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAVEN TYLER JACKSON,** : | |
|     **Plaintiff,** : | |
| : | |
| v. : | **CIVIL ACTION NO. 20-CV-5207** |
| : | |
| **MICHAEL HOLLAND,** *et al.*, : | |
|     **Defendants.** : | |

**MEMORANDUM**

**ROBRENO, J.**                                                                                                                            **APRIL 28 , 2021**

      In a prior Memorandum and Order filed on January 26, 2021 (*see* ECF Nos. 9, 10), the Complaint filed by Plaintiff Javen Tyler Jackson, a pretrial detainee being held at Lancaster Count Prison ("LCP"), was dismissed in part with prejudice, dismissed in part without prejudice, and the Court determined that one claim, asserted against Defendant Michael Holland in his individual capacity for excessive force, should be served. Specifically, the Court dismissed Jackson's Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as to Defendants LCP Warden Steberger, the Lancaster County Prison Board ("the Board"), and Lancaster County. The Court also dismissed the official capacity claims against Defendant Holland and all claims based on grievances and retaliation.

      Jackson was directed to advise the Court whether he wanted to attempt to amend his pleading to correct the defects the Court identified in the dismissed claims or have the Complaint served and proceed only against Defendant Holland. Jackson opted to return with an Amended Complaint ("AC") that closely mirrors his original Complaint, adds no new allegations to correct the defects previously identified, but adds additional claims. For the following, reasons, Jackson's renewed claims, other than the individual capacity excessive force claim against

1

Defendant Holland will be dismissed, his additional due process claim based on allegedly being denied the opportunity to file criminal charges will be dismissed with prejudice, and his additional due process claim based on a prison disciplinary hearing will be dismissed without prejudice. The claim against Holland will proceed.

I.  **FACTUAL ALLEGATIONS**

Jackson again alleges that on February 10, 2020 he was assaulted by Defendant Holland, a correctional officer at LCP. He asserts that Holland did not use proper protocol to ensure Jackson's safety, and used excessive force – including multiple closed fist punches to Jackson's face and body – to subdue him. (ECF No. 13 at 4.)[1] Jackson received bruises to both eyes and deep cuts on both wrists. (*Id.*) He allegedly received no medical treatment for his injuries.[2] (*Id.*)

Jackson filed multiple grievances regarding the incident with Holland. (*Id.* at 5.) He alleges that Defendant Steberger neglected to review camera footage and was professionally inappropriate in her handling of the grievances. (*Id.*) A non-defendant prison investigator named Stevens allegedly declined to do anything about the incident. (*Id.*) Jackson asserts that prison authorities filed assault charges against him as a "counter strategy on their behalf." (*Id.* at 6.) He was placed in restrictive custody pending a misconduct hearing and then found guilty of assault at a hearing held on February 18, 2020. (*Id.*) His appeal was thereafter denied, and he served a 60-day term on restrictive custody status. (*Id.*)

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

[2] As Jackson again fails to identify a Defendant who allegedly denied him medical care, or state any other allegations about medical care, the Court interprets his allegation about the lack of medical care following the incident with Holland as background information only.

Jackson asserts an excessive force claim, a due process violation based on his claim that he was denied an opportunity to press charges (presumably against Holland), and a due process violation based on his assertion that he was denied the opportunity to call witnesses on his behalf at the disciplinary hearing and, contradicting his earlier allegation, to appeal the guilty decision. (*Id.* at 7.) Jackson again makes no specific allegation about the Board or Lancaster County other than his assertion that all Defendants "have duties to manage day to day operations and execute the policies articulated to help them fulfill their task at hand." (*Id.* at 2.) All Defendants are again sued in their individual and official capacities. (*Id.*) Jackson seeks a declaration that his rights were violated, an order compelling Defendants to compensate him, a protection order to stop further abuse, and $3 million. (*Id.* at 6-7.)

## II. STANDARD OF REVIEW

Because Jackson has been granted leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the AC if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Jackson is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, which provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A. Official Capacity Claims and Claims Against Lancaster County

Jackson has again sued each Defendant in both their individual and official capacities. As the Court has previously explained, claims against officials of a County named in their official capacity are indistinguishable from claims against the County that employs them. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* To plead a basis for municipal liability under § 1983, a plaintiff must allege that a municipality's policy or custom caused the violation of his constitutional rights. *See Monell*, 436 U.S. at 694. "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009). "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Estate of Roman v.*

*City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). For a custom to be the proximate cause of an injury, the Defendant must have "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to his injury." *Id.* (internal quotations and alterations omitted).

Jackson has once again failed to identify a specific policy or custom of Lancaster County or the Board that caused the violation of his constitutional rights. He has also failed to allege that any Defendant had knowledge of prior similar conduct or failed to prevent the repetition of such conduct, and that this failure led to his injury. Rather, he again alleges only that each Defendant has a duty "to manage day to day operations and execute the policies articulated to help them fulfill their task at hand." Because this allegation merely repeats an allegation already found insufficient to allege a plausible *Monell* claim against Lancaster County or the Board, or to allege official capacity claims against the other Defendants, these claims must again be dismissed pursuant to § 1915(e)(2)(B)(ii). Further, since Jackson has already been granted the opportunity to correct the previously identified defects in these claims, has failed to do so, and any further attempt appears to be futile, the dismissal will be with prejudice. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (holding that district courts should dismiss complaints under the PLRA with leave to amend "unless amendment would be inequitable or futile.").

    **B.**    **Claims Based on Grievances**

Jackson again includes allegations about the denial of grievances. As the Court has already explained, claims based on the handling of prison grievances fail because "[p]rison inmates do not have a constitutionally protected right to a grievance process." *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (per curiam); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (per curiam). Accordingly, the facts alleged by Jackson about grievances do not give rise to a plausible basis for a constitutional claim and again will be dismissed with prejudice.

C. **Claims Based on Retaliation**

Jackson again alleges that he was charged with assault over the incident with Holland as a "counter strategy." The Court again deems this allegation to assert a claim for retaliation based on Jackson's own complaint against Holland about the incident. The Court previously explained to Jackson that in order to state a plausible First Amendment retaliation claim, a prisoner must allege that: (1) he engaged in constitutionally protected conduct; (2) he suffered an adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) the constitutionally protected conduct was "a substantial or motivating factor" for the adverse action. *See Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001); *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003); *Coit v. Garman*, No. 19-2580, 2020 WL 2125780, at *3 (3d Cir. May 5, 2020). Jackson again makes only general allegations regarding the protected conduct and adverse action elements of the claim. Moreover, he has again failed to allege that his protected conduct was a substantial or motivating factor for the adverse action. He has also failed to specify which Defendant, if any, engaged in retaliatory conduct. Accordingly, the facts alleged by Jackson about retaliation do not give rise to a plausible basis for a constitutional claim and will be dismissed. Because Jackson was already given instruction on how to state a plausible

retaliation claim and failed to correct the defects the Court previously identified in his claim, the dismissal will be with prejudice.

   D.    **Due Process Claim Based on Denial of Opportunity to Press Charges**

Jackson attempts to assert a new claim in the AC based on being denied the opportunity to file criminal charges, presumably against Defendant Holland based on the alleged excessive force incident. This claim is not plausible and will be dismissed with prejudice. First, the claim is unsupported by any factual allegations indicating who denied Jackson this opportunity and how that actor personally violated his civil rights. More importantly, "[a] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (finding that a citizen lacks standing to contest prosecutorial policies "when he himself is neither prosecuted nor threatened with prosecution") (citations omitted); *Lewis v. Jindal*, 368 F. App'x 613, 614 (5th Cir. 2010) ("It is well-settled that the decision whether to file criminal charges against an individual lies within the prosecutor's discretion, and private citizens do not have a constitutional right to compel criminal prosecution.") (citations omitted); *Nedab v. Lencer*, Civ. A. No. 06-54, 2007 WL 853595 at *3 (W.D. Pa. Mar. 20, 2007) (plaintiff lacked standing to assert constitutional violation premised on state police officer's alleged failure to investigate and file criminal charges related to assault against plaintiff). Accordingly, even if Jackson had identified which Defendant allegedly acted to interfere with his "opportunity to press charges," this allegation cannot be the basis of a plausible civil rights claim. Accordingly, the claim is dismissed with prejudice.

   E.    **Claim Based on Denial of Opportunity to Call Witnesses, Appeal Misconduct**

Jackson asserts a new claim in the AC based on the misconduct hearing that resulted in his being confined in the restricted housing unit for 60 days following the incident with

Defendant Holland. The United States Court of Appeals for the Third Circuit has noted that, "[g]enerally, prisons may sanction a pretrial detainee for misconduct that he commits while awaiting trial, as long as it is not a punishment for the 'underlying crime of which he stands accused.'" *Kanu v. Lindsey*, 739 F. App'x 111, 116 (3d Cir. 2018) (quoting *Rapier v. Harris*, 172 F.3d 999, 1003-06 (7th Cir. 1999)). With respect to pretrial detainees, "the imposition of disciplinary segregation for violation of prison rules and regulations cannot be imposed without providing the due process protections set forth in *Wolff v. McDonnell*, 418 U.S. 539 . . . (1974)." *Kanu*, 739 F. App'x at 116. Such protections "include the right to receive written notice of the charges at least 24 hours before the hearing, the opportunity to present witnesses and documentary evidence, and a written statement of the reasons for the disciplinary action taken and the supporting evidence." *Id.* (citing *Wolff*, 418 U.S. at 563-66); *see also Stevenson v. Carroll,* 495 F.3d 62, 70 (3d Cir. 2007); *Seville v. Martinez*, 130 F. App'x 549, 551 (3d Cir. 2005) (per curiam) ("[d]ue process is satisfied where an inmate is afforded an opportunity to be heard and to defend against the allegedly false misconduct reports").

Jackson concedes that he received a misconduct hearing and his appeal was denied. His conclusory assertion that he was denied the opportunity to call witnesses is unsupported by any factual allegations such as which, if any, of the named Defendants acted to violate his rights, who he sought to call as a witness and what that witness might have offered in his defense to the misconduct charge. Further, his allegation that he was denied the opportunity to appeal is contradicted by his own assertion that his appeal was denied. Accordingly, any claim regarding the misconduct hearing is not plausible.

F. **Individual Capacity Claims Against Warden Steberger and the Board**

8

Jackson again named LCP Warden Steberger and the Board as Defendants but makes no allegations against them other than concerning their involvement in the grievance process and his generalized claim that all Defendants "have duties to manage day to day operations and execute the policies articulated to help them fulfill their task at hand." (ECF No. 1 at 2.) To the extent he seeks to hold them liable for the actions of Defendant Holland based on a theory of supervisor liability, the claims are again dismissed because they are not plausible.[3] There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015). First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.* Because Jackson makes no allegation to support a plausible claim of supervisor liability, the claims against Warden Steberger and the Board must be dismissed. Because Jackson has already attempted to amend this claim and failed to cure the defects the Court previously identified, the dismissal will be with prejudice.

---

[3] Jackson cannot state a plausible claim against Warden Steberger, the Board or Lancaster County merely because Holland is an employee. There is no vicarious liable under § 1983 for the actions of an employee. *Connick v. Thompson*, 563 U.S. 51, 60 (2011); *Monell*, 436 U.S. at 691 ("[A] municipality cannot be held liable *solely* because it employs a tortfeasor — or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory.") (emphasis in original).

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Jackson's Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as to Defendants Warden Steberger, the Board and Lancaster County, and as to the official capacity claims against Defendant Holland. Jackson's claims based on grievances, retaliation, and interference with his opportunity to press charges are dismissed with prejudice. Because the Court cannot say at this time that Jackson can never state a plausible claim based on the disciplinary hearing, that claim will be dismissed without prejudice to Jackson reasserting the claim against a proper defendant in a separate civil action.[4] His individual capacity excessive force claim against Defendant Holland will proceed. An appropriate Order follows.

---

[4] The Court will sever the claim based on the misconduct hearing from the claim against Holland based on the use of excessive force so that they may proceed in separate lawsuits. Federal Rule of Civil Procedure 20 allows a plaintiff to join multiple defendants in one action if: (a) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences"; and (b) "any question of law or fact common to all defendants will arise in the action." "For courts applying Rule 20 and related rules, 'the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.'" *Hagan v. Rogers*, 570 F.3d 146, 153 (3d Cir. 2009) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)).

"But this application, however liberal, is not a license to join unrelated claims and defendants in one lawsuit." *McKinney v. Prosecutor's Office*, Civ. A. No. 13-2553, 2014 WL 2574414, at *14 (D.N.J. June 4, 2014) (internal quotations omitted). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Indeed, "[t]he courts[] . . . have frowned on prisoners' attempts to lump together their multifarious grievances about life in a single prison, let alone multiple prisons." *McKinney*, 2014 WL 2574414, at *15. To remedy a misjoinder, a Court may add or drop a party or sever any claims. Fed. R. Civ. P. 21. "A district court has broad discretion in deciding whether to sever a party pursuant to Federal Rule of Civil Procedure 21." *Boyer v. Johnson Matthey, Inc.*, Civ. A. No. 02-8382, 2004 WL 835082, at *1 (E.D. Pa. Apr. 16, 2004). Since there is no plausible assertion that Holland nor any other named Defendant was involved in conducting the disciplinary hearing or appeal, the claim is unrelated to the excessive force claim.