UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

JAVEN TYLER JACKSON,
Plaintiff,

v. No. 5:20-cv-5207

MICHAEL HOLLAND,
Defendant.

**OPINION**
**Defendant's Motion for Summary Judgment, ECF No. 56 - Denied**

**Joseph F. Leeson, Jr.**
**United States District Judge**

**August 17, 2023**

## I. INTRODUCTION

Plaintiff Javen Tyler Jackson brought the above-captioned action pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights that arose while he was a pretrial detainee at Lancaster County Prison. Jackson claims that Defendant Michael Holland, a corrections officer at the prison, violated his constitutional rights by using excessive force. Holland filed a Motion for Summary Judgment seeking dismissal of the claims against him. For the reasons set forth below, the Motion is denied.

## II. BACKGROUND

At all relevant times, Jackson was a pretrial detainee being held at Lancaster County Prison. Def. Stat. of Undisputed Material Facts (hereinafter "DSUMF"), ECF No. 57, ¶ 1. On or around February 10, 2020, a verbal dispute took place between Jackson and Holland during medication distribution at Lancaster County Prison, when Jackson objected after being ordered to return to his cell. DSUMF, ¶¶ 4-6; DSUMF, at Ex. A pp. 20:25-21:2, 21:19-22. The dispute

escalated into a physical altercation between the two men, the details of which are disputed by the parties. *See* DSUMF, ¶¶ 6-11. As a result of the incident, Jackson was charged with aggravated assault. *See* DSUMF, at Ex. G. That charge was later changed to a terroristic threats charge, to which Jackson pled guilty. *See id.* at Ex. H.

In response to the altercation, Jackson, a *pro se* prisoner, filed a Complaint in this Court against Warden Cheryl Steberger, the Lancaster County Prison Board, Lancaster County, and Holland. *See* Compl., ECF No. 1. The Court granted Jackson's application to proceed *in forma pauperis* and allowed Jackson to file an Amended Complaint. *See* Op. & Order, ECF Nos. 9, 10. *See also* Amend. Compl., ECF No. 13. Subsequently, the Court dismissed the claims against all defendants except Holland,[1] and the only claim now remaining is an excessive force claim against Holland in his individual capacity. *See* Order, ECF No. 19. Holland thereafter filed an Answer and Counterclaim against Jackson, claiming that Jackson was the aggressor. *See* Ans., ECF No. 25. After the completion of discovery, Holland filed the instant Motion for Summary Judgment. *See* Mot. Summ. Jdgmt. (hereinafter, "MSJ"), ECF No. 56. Jackson has since failed to respond to the Motion.

## III. SUMMARY JUDGMENT STANDARD – Review of Applicable Law

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A disputed fact is "material" if proof of its existence or nonexistence might affect the outcome of the case under applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence is such that a reasonable

---

[1] The Court also dismissed a claim against Holland in his official capacity. *See* Order, ECF No. 19.

jury could return a verdict for the nonmoving party. *Id.* at 257. Once such a showing has been made, the non-moving party must go beyond the pleadings with affidavits, depositions, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue. Fed. R. Civ. P. 56(c); *Celotex Corp.*, 477 U.S. 317 at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (stating that the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts"). The court must consider the evidence in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). Nevertheless, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.* at 380.

## IV. ANALYSIS

### 1. Excessive Force

Because Jackson was a pretrial detainee during the relevant events, the Due Process Clause of the Fourteenth Amendment governs his claims alleging excessive force against Holland. *See Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015) ("[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment.") (internal quotation and citation omitted). For a due process violation based on excessive force, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Id.* at 396-97. Whether unreasonable force has been used against a detainee "requires 'careful attention to the facts and circumstances of each particular case.'" *Jacobs v. Cumberland Cnty.*, 8 F.4th 187, 194 (3d Cir. 2021) (quoting *Graham v. Connor*, 490

U.S. 386, 396 (1989)). The following factors may be considered by a court when evaluating reasonableness:

> [1] the relationship between the need for the use of force and the amount of force used; [2] the extent of the plaintiff's injury; [3] any effort made by the officer to temper or to limit the amount of force; [4] the severity of the security problem at issue; [5] the threat reasonably perceived by the officer; and [6] whether the plaintiff was actively resisting.

*Kingsley*, 576 U.S. at 397.

In his Motion, Holland makes two arguments for why the force used against Jackson was constitutionally permissible. First, Holland argues that Jackson was uninjured, or his injuries were *de minimis*, particularly pointing out that Jackson told the prison nurse that he was uninjured immediately following the altercation. *See* Mot. pp. 6-7. *See* also DSUMF, Ex. E, at 0:03:24-30. Second, Holland argues that any force used was also *de minimis* because it did not result in serious injury and was not "repugnant to the conscience of mankind."[2] *See* Mot. pp. 7-8.

First, although a lack of significant injury would weigh against Jackson's claim, it is not dispositive to the analysis. *See Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010) (explaining that an "inmate who complains of a push or shove that causes no discernible injury almost certainly fails to state a valid excessive force claim[,]" but an "inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury" (internal marks and citation omitted)). *See also Smith v. Mensinger*, 293 F.3d 641, 649 (3d Cir. 2002) (explaining, in the Eighth Amendment context,

---

[2] Although Holland quotes an Eighth Amendment standard, as previously mentioned, pretrial detainees like Jackson need only show that the "use of force was unreasonable in light of the facts and circumstances at the time." *See Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015).

that when there have been *de minimis* injuries, "[a] properly instructed fact finder could . . . [conclude] the force used was not of constitutional dimension," but that it "is an issue of fact to be resolved by the fact finder based upon the totality of the evidence; it is not an issue of law a court can decide"). Further, the extent of Jackson's injuries is disputed. Despite his statement to the prison nurse that he was uninjured, during his depositions Jackson testified that he had bruises and red marks on his face, as well as swelling and abrasions on his wrists. *See* DSUMF, 46:21-23, 47:17-18, 49:11-13; Mot., Ex. A pp. 33:6-10, 35:12-20, 38:9-13.

Second, Holland's argument that the force used was minimal relies entirely on facts in dispute. Although in the Motion Holland acknowledges that Jackson, in both of his depositions, testified that he had facial injuries after Holland hit him in the face with a closed fist twice before handcuffing him, *see* Mot. p. 8; Ex. A pp. 33:16-19; DSUMF, Ex. C pp. 27:2-21, 29:16-22, Holland ignores these disputed facts and refers to the "minimal" force used by Holland as merely "shoving and handcuffing." *See* Mot. at 6. Further, the Motion completely fails to address that Jackson also testified that, in addition to the pre-handcuffing punches, he was hit once or twice on the back of his head, or the right side of his face, by Holland *after* being handcuffed. DSUMF, Ex. C pp. 30:10-31:18, 44:17-21, 47:5-6; Mot., Ex. A pp. 33:21-34:14. Consequently, Holland has completely failed to explain why it would have been objectively reasonable for a corrections officer to punch a detainee twice for verbal threats, or to hit a handcuffed detainee in the face or on the back of the head after the end of an altercation.[3] By asking this Court to accept only his version of events, Holland is effectively asking the Court to ignore Jackson's sworn deposition testimony and make an improper credibility determination at the summary judgment

[3] The Court is not making any factual determinations about the incident, but merely viewing the evidence in the light most favorable to Jackson as it must during the summary judgment stage.

stage. However, Jackson's sworn deposition testimony, which includes an account of much more force used than Holland indicates in his Motion, is sufficient on its own to establish a genuine issue of material fact. *See Paladino v. Newsome*, 885 F.3d 203, 209 (3d Cir. 2018) ("[A] single, non-conclusory affidavit or witness's testimony, when based on personal knowledge and directed at a material issue, is sufficient to defeat summary judgment. This is true even where, as here, the information is self-serving.") (internal quotation and citations omitted)). *See also Aruanno v. Maurice*, 790 Fed. Appx. 431, 434 (3d Cir. 2019) ("[A]t the summary judgment stage, [Plaintiff]'s sworn testimony, standing alone, was sufficient to establish a genuine issue of material fact.").

Holland may not have acted in an objectively reasonable manner when he allegedly threw punches at Jackson before and after handcuffing him, even if provoked by Jackson's verbal threats to do so. It is not clear from the available undisputed facts whether, and to what extent, that Jackson was a physical threat to Holland, what amount of force was necessary to subdue Jackson, and whether *any* amount of force was necessary after Jackson had been handcuffed. Therefore, the Court cannot conclude as a matter of law whether the force used was constitutionally permissible, and the issue is best left for a jury. Moreover, crediting Jackson's testimony, a reasonable juror could find that the force used by Holland was objectively unreasonable, and therefore in violation of Jackson's constitutional rights. For those reasons, Holland's Motion for Summary Judgment is denied.

**2. Qualified Immunity**

The doctrine of "[q]ualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Reichle v. Howards*, 566 U.S. 658, 664 (2012). To be

"clearly established," "the contours of [a] right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). This standard generally requires that "existing precedent must have placed the statutory or constitutional question beyond debate." *Reichle*, 566 U.S. at 664 (internal marks omitted) (citing *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)). The Supreme Court has explained that "courts may grant qualified immunity on the ground that a purported right was not 'clearly established' by prior case law, without resolving the often more difficult question whether the purported right exists at all." *Id*. (citing *Pearson v. Callahan*, 555 U.S. 223, 236 (2009)).

Here, Holland argues that he is entitled to qualified immunity because "it was not clearly established at the time of the incident . . . that the *de minimis* force used against [Jackson] – pushing and handcuffing him as he refused to follow verbal commands and made terroristic threats – was constitutionally impermissible." *See* Mot. p. 9. However, Holland's argument makes several factual assumptions in his own favor. Just as the determination of whether the force used was "objectively reasonable" requires the resolution of material factual disputes, the Court likewise cannot determine as a matter of law whether Holland violated a clearly established right without resolving the disputed facts. Therefore, the Court cannot grant Holland qualified immunity. *See Suarez v. City of Bayonne*, 566 Fed. Appx. 181, 186 (3d Cir. 2014) (holding that the district court erred by granting qualified immunity where material factual disputes existed on the excessive force claim).

## V. CONCLUSION

Because of the existence of a genuine dispute of material fact, and for the reasons set forth above, Holland's Motion for Summary Judgment is denied. A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*______________
JOSEPH F. LEESON, JR.
United States District Judge