UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| JAVEN TYLER JACKSON,<br>          Plaintiff, | :<br>: |
| v. | :<br>:   No.   5:20-cv-5207 |
| MICHAEL HOLLAND,<br>          Defendant. | :<br>:<br>: |

_____

**O P I N I O N**
**Plaintiff's Rule 59 Motion – Denied**

**Joseph F. Leeson, Jr.**                                                                                          **May 13, 2024**
**United States District Judge**

## I.    INTRODUCTION

This case dealt with an excessive force claim by *pro se* plaintiff Javen Jackson against defendant Michael Holland, a former corrections officer at Lancaster County Prison, with Holland asserting counterclaims of assault and battery against Jackson. After holding a two-day bench trial, this Court issued detailed findings of fact and conclusions of law,[1] ultimately concluding that both parties failed to establish their claims by a preponderance of the evidence and dismissing all claims. Thereafter, Jackson filed the instant motion, which this Court construes as a Motion for Altered Judgment or New Trial under Federal Rule of Civil Procedure 59(a), (e). For the reasons discussed herein, Jackson's motion is denied.

---

[1]    A more detailed account of the background of this case can be found in this Court's bench opinion dated February 28, 2024. *See* Bench Op., ECF No. 101.

## II. LEGAL STANDARDS

### A. Motion to Alter Judgment under Rule 59(e) – Review of Applicable Law

The purpose of a motion to alter judgment under Rule 59(e) of the Federal Rules of Civil Procedure is to "correct manifest errors of law or fact, or to present newly discovered evidence." *See Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985); *see also* Fed. R. Civ. P. 59(e). "It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through--rightly or wrongly." *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (internal quotations omitted). Instead, a party seeking alteration of a judgment must show at least one of the following grounds: "(1) an intervening change in the controlling law;" "(2) the availability of new evidence that was not available when the court granted the motion[;]" or "(3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "Motions under Rule 59(e) should be granted sparingly because of the interests in finality and conservation of scarce judicial resources." *Ruscavage v. Zuratt*, 831 F. Supp. 417, 418 (E.D. Pa. 1993).

### B. Motion for New Trial under 59(a) – Review of Applicable Law

"The standard for seeking a new nonjury trial is similar to, and equally as demanding as, requesting relief under Rule 59(e)." *Branch Banking & Trust Co. v. Angino Law Firm, P.C.*, 16-712, 2019 U.S. Dist. LEXIS 78329, at *4 (M.D. Pa. May 9, 2019). A district court may grant a new trial "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Fed. R. Civ. P. 59(a)(1)(B). *See id*. at 59(a)(2) ("After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional

testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment."). However, this rule "is not a vehicle for relitigating old issues or otherwise taking a second bite at the apple." *Poff v. Prime Care Med., Inc.*, 13-3066, 2016 U.S. Dist. LEXIS 77271, at *4 (M.D. Pa. June 14, 2016) (cleaned up) (explaining that a district court "should be most reluctant to set aside that which it has previously decided unless convinced that refusal to revisit the earlier decision would work a manifest injustice"). Instead, motions for a new trial "should be based upon manifest error of law or mistake of fact, and a judgment in a nonjury trial should be set aside only for substantial reasons." *Branch Banking & Trust Co.*, 2019 U.S. Dist. LEXIS 78329, at *4 (internal marks and citations omitted).

### III. ANALYSIS

In his motion, titled "Motion for Intervention of Required Parties to Depose and to Alter Judgment or Move for New Trial," Jackson argues that the Court erred by disallowing him from joining his former cellmate Cailen Herr as an indispensable party under Rule 19(a) and requests a new trial or altered judgment under Rule 59. Specifically, Jackson requests the Court's intervention "to allow [the] deposition of Cailen Herr" so that Herr's testimony can be considered in the Court's altered judgment, and/or a new trial so that he can subpoena Herr to appear at the new trial. To further support his request, Jackson points out that Herr called the Court on December 11, 2023, indicating Herr's desire to testify on Jackson's behalf at trial.

Upon review, the Court holds that Jackson's motion lacks merit. Jackson has failed to point to any intervening change of law, new evidence, manifest error of law, or mistake of fact which would support setting aside this Court's judgment or granting a new nonjury trial in this matter. Instead, Jackson merely attempts to take "a second bite at the apple," *see Poff*, 2016 U.S.

Dist. LEXIS 77271, at *4, by relitigating issues that this Court has already decided.  Not only did this Court previously consider and deny Jackson's request to add Herr as a plaintiff in this matter,[2] but prior to trial, the Court informed Jackson on more than one occasion that he would be required to pay for the subpoena of any trial witnesses.[3]  Herr was Jackson's cellmate at the time of his altercation with Holland; therefore, Jackson has known about Herr's existence and connection to this matter since this case's inception over three years ago.  Jackson failed to depose Herr during discovery or to subpoena Herr for trial.  On the first day of trial, Herr called the courthouse expressing his desire to voluntarily testify on Jackson's behalf but informing the Court that he could not be present on December 11, 2023.  Thereafter, the Court informed the parties of this phone call and recessed trial early on the afternoon of December 11th, specifically to give Herr an opportunity to appear when trial resumed the morning of December 12th.

---

[2]     This Court previously denied Jackson's request to add Herr as a plaintiff, explaining that "[a]lthough captioned as a Motion for Permissive Joinder, in substance, Jackson is requesting leave to amend or supplement the Complaint. However, Jackson has not provided the Court with a persuasive justification for why he should be allowed to amend or supplement the Complaint to add two entirely new parties nearly three years after this case was initiated and only two months before trial is scheduled to begin." *See* Order, ECF No. 70.

Although Jackson now refers to Herr as an indispensable party, Jackson has never claimed that Herr had a protectable interest related to this action or that Herr's absence prevents the Court from according complete relief in this case. *See* Fed R. Civ. P. 19(a)(1)(B)(i) (explaining that a person must be joined as a required party if "in that person's absence, the court cannot accord complete relief among existing parties[,] or . . . that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . as a practical matter impair or impede the person's ability to protect the interest").  Other than Jackson's requests, there has never been any suggestion that Herr himself desired to be added as a plaintiff in this case, only that he wished to testify as a witness. Although Jackson is unhappy that Herr did not testify on his behalf, the absence of Herr did not in any way prevent the Court from determining relief for the existing parties in this case.

[3]     In orders on November 7 and December 7, 2023, this Court advised Jackson that "[a] plaintiff, even when *pro se* and proceeding *in forma pauperis*, is obligated to pay any witness fees or costs simultaneously when serving a subpoena. . . . The Court does not have the ability to finance or waive these costs. Jackson may, if necessary, refile his subpoena request along with payment of the required fees." *See* Orders, ECF Nos. 75, 91.

Nonetheless, Herr failed to appear, and the trial concluded that morning. Jackson has completely failed to point to any manifest injustice which would require the Court's intervention.

## IV.     CONCLUSION

For the reasons herein, Jackson has failed to present a meritorious reason to request a new trial or amended judgment, and his motion is denied. A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

5
051324