UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAVEN TYLER JACKSON, Plaintiff, | : | |
| v. | : | No. 5:20-cv-5207 |
| MICHAEL HOLLAND, Defendant. | : | |

**OPINION**

**Plaintiff's Motion for Rule 60 Relief from Judgment or Order, ECF No. 110 – Denied**

**Joseph F. Leeson, Jr.** **July 24, 2026**
**United States District Judge**

## I. INTRODUCTION

This case stemmed from an altercation between *pro se* Plaintiff Javen Tyler Jackson, a former inmate of Lancaster County Prison, and Defendant Michael Holland, a former corrections officer. Jackson brought an excessive force claim against Holland and Holland brought assault and battery counterclaims against Jackson. After a two-day bench trial, this Court issued findings of fact and conclusions of law, and ultimately dismissed all claims and counterclaims, finding that both parties failed to establish their claims by a preponderance of the evidence. Currently before the Court is Jackson's Motion for Rule 60 Relief from Judgment or Order, brought pursuant to Fed. R. Civ. P. 60(b). For the reasons discussed below, the Motion will be denied.

## II. BACKGROUND[1]

The underlying events at issue in this case took place on February 11, 2020, at Lancaster County Prison. *See* Bench Op. ¶ 1, ECF No. 101. A physical altercation ensued between Plaintiff

[1] A more detailed account of the background of this case can be found in this Court's bench opinion dated February 28, 2024. *See* Bench Op., ECF No. 101. Citations to paragraph numbers are to the Court's findings of fact therein.

Javen Tyler Jackson (then an inmate at Lancaster County Prison) and Defendant Michael Holland (then a corrections officer on-duty at the prison) in Jackson's cell. *Id.* ¶¶ 9-19. Following the altercation, Jackson brought an excessive force claim in this Court against Holland, and Holland brought counterclaims against Jackson for assault and battery. *See generally, id.* The Court held a two-day bench trial on December 11 and 12, 2023, in which the parties and witnesses gave conflicting and "unreliable" testimony, and the Court concluded that both parties failed to prove their claims by a preponderance of the evidence. *See id.* Resultantly, on February 28, 2024, the Court dismissed all claims and counterclaims, entering judgment in favor of Holland and against Jackson on the excessive force claim, and in favor of Jackson and against Holland on the assault and battery counterclaims. *See id.* Neither party received any relief. *See id.*; Bench Order, ECF No. 102.

In March 2024, Jackson filed a "Motion for Intervention of Required Parties to Depose and to Alter Judgment or Move for New Trial," ECF No. 104, which the Court construed in large part as a Motion under Fed. R. Civ. P. 59(a) and 59(e). The Court denied this Rule 59 Motion on May 13, 2024. *See* ECF Nos. 106, 107.

Now, over two years later, Jackson has filed a "Motion [for] Rule 60 Relief from Judgment or Order" (hereinafter "Rule 60(b) Motion" or "the Motion"), which was docketed on May 4, 2026. *See* Motion, ECF No. 110. The Motion requests relief from final judgment on the following grounds: under Rule 60(b)(1), for "mistake, inadvertence, surprise, or excusable neglect;" under (b)(2), for "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);" under (b)(5), because "applying [the judgment] prospectively is no longer equitable;" and under (b)(6), for "any other reason that justifies relief." *See id.* (referencing Fed. R. Civ. P. 60(b)). In support of this, Jackson states that on May 15, 2025, he "received his discovery from his criminal procedure / his trial,"

which included several "papers," including "notes that [his] attorney had written down from [inmate] Herr," Jackson's cellmate at the time of the altercation, recounting "the attack from the officer in [Herr's] eyes." *See id.* Jackson suggests that he was unsure if these notes "matter[ed] at this point," but nonetheless reached out to Herr via a jail phone call and asked him if the "statements [Jackson's] attorney had written down [were] adequate,"[2] to which Herr allegedly responded "yes." *See id.*

On June 11, 2026, Holland filed a Response in Opposition to the Motion, arguing that Jackson's Motion is untimely under Fed. R. Civ. P. 60(c)(1), and that Jackson has otherwise failed to establish a basis for Rule 60 relief. *See* Def. Br., ECF No. 112. Holland asserts that Jackson's Rule 60 arguments fail because (i) Jackson's alleged "mistake" under Rule 60(b)(1) is merely that he "failed to recognize the significance of a witness statement contained in discovery materials that were produced prior to trial," and such mistake is not of a substantive nature; (ii) Jackson failed to show excusable neglect under Rule 60(b)(1); (iii) the document that Jackson references does not constitute "newly discovered evidence" under Rule 60(b)(2); (iv) the judgment at issue is not "prospective" and thus Rule 60(b)(5) does not apply; and (v) Jackson has not demonstrated the existence of "extraordinary circumstances" that would warrant relief under Rule 60(b)(6). *See id.*

Jackson filed a Reply Brief to Holland's Opposition, which was docketed on July 7, 2026. *See* Pl. Br., ECF No. 113. The Reply argues that the document containing notes from Jackson's attorney's conversation with Herr was not available before trial, and thus constitutes "newly discovered evidence" under Rule 60(b)(2). *See id.* Jackson further contends that his delay

[2] The Court infers that Jackson intended to say the word "accurate," but nonetheless wrote in his Motion the word "adequate."

is excusable, that he has acted in good faith, and that he would suffer prejudice if his relief from judgment is not granted. The Rule 60(b) Motion is now fully briefed and ready for decision.

## III. LEGAL STANDARDS

### A. Motions under Fed. R. Civ. P. 60 – Review of Applicable Law

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). A "reasonable time" to file a motion under Rule (60)(b) "is generally no more than a year after the entry of the judgment or order or the date of the proceeding," *See Mitchell v. Fuentes*, 761 F. App'x 109, 111 (3d Cir. 2019) (internal quotations omitted)), but "the one-year limit does not explicitly apply to Rule 60(b)(6) motions," *id.* A "movant seeking relief under Rule 60(b)(6) [must] show 'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez*, 545 U.S. at 535. The movant bears a heavy burden of proof that extraordinary circumstances are present. *Bohus v. Beloff*, 950 F.2d

919, 930 (3d Cir. 1991); *United States v. Rota*, No. 94-0003-1, 1999 WL 55176, *2 (E.D. Pa. 1999).

## IV. ANALYSIS

First and foremost, to the extent Jackson asserts any arguments pursuant to Fed. R. Civ. P. 60(b)(1) through (b)(3), they are untimely. A motion under Rule 60(b)(1), (2), or (3) must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). This Court entered judgment on all claims on February 28, 2024, *see* ECF Nos. 101-102, and denied Jackson's Rule 59 Motion to Alter Judgment or Move for New Trial on May 13, 2024, *see* ECF Nos. 106, 107. Over two years after this Court's Bench Opinion, and nearly two years after its denial of the Rule 59 Motion, Jackson filed the instant Rule 60(b) Motion in May 2026. *See* ECF No. 110. This makes Jackson's arguments for relief, pursuant to Fed. R. Civ. P. 60(b)(1) and (2), untimely, and so the Court declines to consider these arguments on the merits.

Jackson's remaining Rule 60 arguments are brought pursuant to Rule 60(b)(5) and (6). The Court finds that these arguments are also untimely. Motions brought under Rule 60(b)(4), (5), or (6) still need to be made "within a reasonable time," Fed. R. Civ. P. 60(c)(1), and the Third Circuit has before found that a Rule 60(b) motion brought roughly two years after a judgment was not made "within a reasonable time." *See Moolenaar v. Govt. of Virgin Islands*, 822 F.2d 1342, 1348 (3d Cir. 1987); *see also Coades v. Chester Cnty. Ct. PA-Trial Ct.*, No. 12-cv-2660, 2015 WL 3947495, at *3 (E.D. Pa. June 26, 2015). Jackson has failed to demonstrate why his delay was excusable; he recalls receiving the document containing his attorney's notes from Herr on May 15, 2025, but nonetheless waited a year thereafter to file the instant Rule 60(b) Motion. Even if Jackson filed his Motion immediately after receiving the document, the

arguments under Rule 60(b)(1) and (b)(2) would still be time-barred because more than a year had passed since final judgment. Plus, his Rule 60(b)(5) and (b)(6) arguments would still fail.

Jackson asserts that, under Rule 60(b)(5), applying his judgment prospectively would no longer be equitable. Yet, Rule 60(b)(5) is generally invoked "where injunctions have issued or consent decrees with prospective provisions have been entered and circumstances have changed." *See In re Zostavax (Zoster Vaccine Live) Products Liab. Litig.*, 329 F.R.D. 151, 154 (E.D. Pa. 2018) (citing *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367 (1992); *Democratic Nat'l Comm. v. Republican Nat'l Comm.*, 673 F.3d 192 (3d Cir. 2012)), *aff'd sub nom. Juday v. Merck & Co Inc*, 799 F. App'x 137 (3d Cir. 2020). Where the judgment entered against a plaintiff "simply dismissed [his] case . . . end[ing] the action and impos[ing] no future obligations on any of the parties[,] [t]here is nothing prospective or ongoing about it." *See id.* (citing *Coltec Indus. v. Hobgood*, 280 F.3d 262, 272 (3d Cir. 2002)). The judgment in this action dismissed all claims and counterclaims and closed the case; it was not prospective. *See* ECF Nos. 101, 102, 106, 107. Accordingly, Jackson's Rule 60(b)(5) argument is without merit.

Lastly, the Motion does not warrant relief under Rule 60(b)(6). Relief from judgment under Rule 60(b)(6) is only available in extraordinary circumstances, and here, Jackson has only shown that in May 2025 he came upon a document that, at most, demonstrated what Herr might have testified if called as a witness at trial. Though Jackson claims not to have had access to this document prior to trial, the document itself is purported to be the notes of his trial attorney following a pretrial conversation with Herr, and so it follows that Jackson's attorney at least had access to the information contained in the document at the time of trial. Whether the attorney, or Jackson, properly chose to make use of it is not a question for this Court to decide. The mere existence of this information does not represent "extraordinary circumstances," as required for

Rule 60(b)(6) relief. *See Gonzalez*, 545 U.S. at 535. Jackson's Rule 60(b)(6) argument is without merit as well.

## V. CONCLUSION

The Court finds that Jackson's Rule 60(b) Motion is untimely and fails to demonstrate a right to relief from judgment. The Motion for Rule 60 Relief from Judgment or Order is denied.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*________
JOSEPH F. LEESON, JR.
United States District Judge